OPINION
{¶ 1} On September 13, 2002, the Fairfield County Grand Jury indicted appellant, Christopher Cates, on one count of robbery in violation of R.C. 2911.02, one count of failure to appear in violation of R.C. 2937.29 and one count of theft in violation of R.C. 2913.02. Said charges arose from an incident wherein appellant struck an individual, knocked him down and stole his wallet.
 {¶ 2} On December 23, 2002, appellant pled guilty as charged. By judgment entry filed January 3, 2003, the trial court sentenced appellant to five years on the robbery count, twelve months on the failure to appear count and six months on the theft count. The sentences on the robbery and failure to appear counts were ordered to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 I {¶ 5} Appellant claims the trial court erred in sentencing him to consecutive sentences. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant pled guilty to robbery, a felony of the second degree. Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." Appellant also pled guilty to failure to appear, a felony of the fourth degree, punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). By judgment entry filed January 3, 2003, the trial court sentenced appellant to five years and twelve months, respectively, to be run consecutively. The six month sentence on the theft count was ordered to be served concurrently.
 {¶ 12} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Pursuant to R.C. 2929.19(B)(2)(c), the court "shall make a finding that gives its reasons for selecting the sentence imposed***[i]f it imposes consecutive sentences under section 2929.14 of the Revised Code***." "The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole." State v. Belfon (July 13, 2000), Franklin App. Nos. 99AP-663 and 99AP-665, citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983.
 {¶ 18} In its judgment entry of January 3, 2003, the trial court sentenced appellant to consecutive sentences, finding the following:
 {¶ 19} "The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds as follows:
 {¶ 20} "a) The Offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 21} "b) The harm cause by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 22} As noted by the trial court during the sentencing hearing, appellant had previously served a prison term for robbery, and was on his way to jail to serve a one year sentence for complicity to commit illegal conveyance of drugs into a detention facility when the incident occurred. T. at 15-16. Appellant struck the victim, knocked him down and took his wallet and credit cards. T. at 15, 32-33. The trial court heard evidence that appellant had a drug problem, and while in prison, had smuggled drugs into the facility. T. at 18, 20-22, 30-31, 33.
 {¶ 23} The trial court specifically found the attack on the victim was "a more serious offense" given the physical, economic and psychological harm caused. T. at 42. On the issue of likely to reoffend, the trial court found appellant was "likely to get in trouble again" as he was under court control at the time of the incident, had been convicted of two felonies, one being a robbery, had an unsuccessful parole and "has an unacknowledged substance abuse pattern." Id.
 {¶ 24} As for consecutive sentences, the trial court stated the following:
 {¶ 25} "In reference to consecutive sentences under 2929.14(E)(3), the Court would find that the Defendant was under community control at the time. He was out on bond. The harm caused was great or unusual here. The victim suffered serious harm. The offender's criminal history requires consecutive sentences and consecutive sentences are necessary to fulfill the purposes under 2929.11.
 {¶ 26} "In this situation, it's been pointed out correctly by the State that this is like baseball, three strikes and you're out. You've been convicted twice before of felonies, and then while you're out on bond, you commit this violent act. The Court has an obligation here to impose punishment that fits the crime and to protect the public so you can't hurt anybody else." T. at 43.
 {¶ 27} Upon review, we find the requisite statutory findings have been made by the trial court both in its judgment entry and during the hearing. We cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the sentence is otherwise contrary to law.
 {¶ 28} The sole assignment of error is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Wise, J. concur.